IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABEL ANTONIO ALARCON,

Defendant.

No. CR 15-0284 WHA

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

On December 1, 2015, defendant Abel Antonio Alarcon was sentenced to 70 months imprisonment for possession of methamphetamine with intent to distribute. The PSR, to which all objections were resolved before, calculated his base offense level at 30, based on his possession of 868 grams of methamphetamine and 27 grams of cocaine at the time of his arrest, which for the purpose of guidelines calculation, is equivalent to 1,741.4 kilograms of marijuana. *See* U.S.S.G. 2D1.1, Application Note 8(B).

After a 3-point reduction for acceptance of responsibility, Alarcon's adjusted offense level was 27, and with a criminal history category of II, his guidelines range was 78–97 months. *See* U.S.S.G. 2D1.1(c)(5). Alarcon agreed with this calculation and acknowledged it could be increased depending on the purity of the mixture, which was not known at the time of his plea agreement (Dkt. No. 16 ¶ 7).

On July 18, 2014, three days before Alarcon entered his plea agreement and several months before his sentencing, the United States Sentencing Commission passed Amendment 782, which reduced by two levels many of the base offense levels in the drug quantity tables in

U.S.S.G. 2D1.1. Notably, Amendment 782 reduced from Level 32 to Level 30, the criteria for U.S.S.G. 2D1.1(c)(5), which included and still includes for "[a]t least 1,000 KG but less than 3,000 KG of Marihuana" and "[a]t least 500 G but less than 1.5 KG of Methamphetamine." *See* U.S.S.G., Supp. to Appx. C at 64. In other words, Alarcon was sentenced pursuant to the guidelines as amended by Amendment 782.

Alarcon now moves for appointment of counsel pursuant to Section 3006A(2)(b) of Title 18(a) of the United States Code, which authorizes a district court to appoint counsel to represent a habeas petition when it "determines that the interests of justice so require and such person is financially unable to obtain representation." He states his request is "for the purpose of processing petitions under . . . Amendment 782" (Dkt. No. 35).

Alarcon's motion lacks any indication of his financial status, but more importantly, the basis of his proposed petition is sufficiently clear: He seeks a sentence reduction pursuant to Amendment 782. Alarcon has already benefited from Amendment 782, and he is not entitled to relief thereunder. Accordingly, the interests of justice do not require appointment of counsel.

Alarcon's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE